**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| ODILON ALBARRAN, | No. 13-56403 |
| Petitioner - Appellant, | D.C. No. 3:11-cv-00019-BTM |
| v. | |
| MICHAEL F. MARTEL,[*] Warden, | MEMORANDUM[**] |
| Respondent - Appellee. | |

Appeal from the United States District Court
for the Southern District of California
Barry T. Moskowitz, Chief Judge, Presiding

Submitted August 13, 2014[***]

Before:     SCHROEDER, THOMAS, and HURWITZ, Circuit Judges.

California state prisoner Odilon Albarran appeals pro se from the district

court's judgment denying his 28 U.S.C. § 2254 habeas petition.  We have

---

[*]     Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Michael F. Martel is substituted for his predecessor, L.S. McEwen, as Warden.

[**]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[***]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

jurisdiction under 28 U.S.C. § 2253. We review de novo the district court's decision to deny a habeas petition, *see Rhoades v. Henry*, 598 F.3d 495, 500 (9th Cir. 2010), and we affirm.

Albarran contends that a prosecution witness's improper reference to Albarran's status as a convicted felon constituted prosecutorial misconduct that denied him a fair trial. The trial court admonished the jury to disregard the statement. The California Court of Appeal's conclusion that Albarran was not prejudiced by the statement was neither contrary to, or an unreasonable application of, clearly established law as determined by the United States Supreme Court, nor based on an unreasonable determination of the facts in light of the state court record. *See* 28 U.S.C. § 2254(d); *Wood v. Ryan*, 693 F.3d 1104, 1113 (9th Cir. 2012) (habeas relief will only be granted if a petitioner can establish that the prosecutorial misconduct "'had a substantial and injurious effect or influence in determining the jury's verdict'" (quoting *Brecht v. Abrahamson*, 507 U.S. 619, 637 (1993))).

Albarran's request to expand the certificate of appealability is denied. *See* 28 U.S.C. § 2253(c)(2); *Hiivala v. Wood*, 195 F.3d 1098, 1104-05 (9th Cir. 1999) (per curiam).

**AFFIRMED.**

13-56403